# POWER.

MACOMB v. WALDRON AND WIFE, 7 Hill, 335.

In S. Ct. 1 id. 111.

*Power to Sell ; Contract for Sale of Lands.*

EJECTMENT.

This case seems to have been decided in the Court of Errors upon the single point, noticed by the reporter in his marginal note—which note, with the opinion of the Chancellor, will present the question fully; the facts were these.

"A naked power to *sell* lands was given by the will of E. to his executor, accompanied with a direction that the moneys arising from the sale should be invested for the benefit of certain devisees in remainder. Macomb, who claimed that the whole equitable title was in him at the time of E.'s death, by virtue of a contract of sale entered into and performed several years before, took a deed from the executrix, which recited the power, together with the facts relating to the contract of sale, and a pecuniary consideration of $750.

The Supreme Court held that the executor's deed gave no title.

The Court of Errors held, in ejectment by the plaintiffs below, claiming under E. that the deed was a valid execution of the power, though the lands independent of the contract of sale, were worth $10,000; it appearing that the recitals in the deed of the executrix, were true, and that the sale was made in good faith.

The Chancellor observed "that if time was not material under the covenant between M. E. (the vendor) and D. H. (from whom Macomb acquired his right to the equitable title; and the covenant was in force when the former died;

so that a specific performance could be decreed; upon which question he said he would express no opinion;") then M. E., the younger, (under whom the plaintiffs below claimed,) had the mere legal title on the death of M. E. and $750, was the whole value of his interest in the premises, and much more. That if this question were one of doubt, and the executrix sold for what the title was believed to be worth, subject to the risk of the litigation which might ensue as to its nature, and the power was executed in good faith and without fraud, the plaintiffs below could not recover upon the ground that the sale was for less than the value of a perfect title. And that if by a *mistake of law* on the part of the executrix and her grantee, a sale was made under the power for less than the true value of the title, this was no fraud; and if the plaintiffs below had any relief, which is at least doubtful, it must be in equity for the deficiency in the value.

The Court *reversed* the judgment of the Supreme Court, by a vote of 18 for, and one senator against *reversal*.